IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:05CR3126 |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| ERICK RAY TRIMBLE, | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Defendant. | ) | |

   Defendant has filed a motion to dismiss the indictment for its failure to allege that the misdemeanor assault charge for which he was convicted in the Lancaster County, Nebraska County Court was "misdemeanor crime of domestic violence" within the definition in 18 U.S.C. §921(a)(33)(A). That definition is:

> [T]he term "misdemeanor crime of domestic violence" means an offense that-
>   (i) is a misdemeanor under Federal or State law; and
>   (ii) has, as an element, the use or attempted use of physical force, or the threatened use of a deadly weapon, committed by a person with whom the victim shares a child in common, by a person who is cohabiting with or haws cohabited with the victim as a spouse, parent, or guardian, or by a person similarly situated to a spouse, parent, or guardian of the victim

Id. Defendant argues that the Lincoln Municipal Code provision of the defendant's conviction does not require, as an element, that

there be any "domestic" relationship between the victim and the alleged assailant.[1]

Defendant's argument has explicitly been rejected by one of the very cases cited by defendant as supporting his position. In <u>United States v. Smith</u>, 171 F.3d 617 (8th Cir. 1999) the court was faced with this exact issue concerning a predicate conviction for assault in Iowa. The statement quoted in defendant's brief is out of context. The entire passage was:

> In construing a statute, we look first to the plain meaning of the words of the statute. <u>See Salinas v. United States</u>, 522 U.S. 52, 118 S.Ct. 469, 474, 139 L. Ed.2d 352 (1997). Only if the statute is ambiguous do we look to the legislative history to determine Congress's intent. <u>See United States v. Gonzales</u>, 520 U.S. 1, 117 S.Ct. 1032, 1035, 137 L.Ed.2d 132 (1997). In the statute at issue, the singular term "element" modifies the phrase "the use or attempted use of physical force...." If Congress meant the predicate misdemeanor to have two elements, it would have used the plural form of "element." <u>See United States v. Green</u>, 902 F.2d 1311, 1312 (8th Cir.), <u>cert. denied</u>, 498 U.S. 943, 111 S.Ct. 353, 112 L.Ed.2d 316 (1990). We find the language of the statute to be unambiguous, and look to the legislative history only to bolster our conclusion: "[C]onvictions for domestic violence-related crimes often are for crimes, such as assault, that are not explicitly identified as related to domestic violence." 142 Cong.Rec. S11872-01, * S11878 (1996) (statement of Sen. Lautenberg). In recognizing that domestic violence-related crimes

---

[1] The ordinance is quoted in defendant's brief in support of the motion, filing 17. Even though no evidence of the ordinance is before this court, I do not have any reason to doubt the representation of it as being accurate. Given my resolution of the motion, however, it is not critical.

>   often involve crimes which are not necessarily so designated, Congress evinced its intent that the predicate offense need not contain a domestic relationship as an element. Thus, we hold that while § 921(a)(33) requires proof of a domestic relationship, it requires the predicate misdemeanor to have only one element: the use or attempted use of physical force (or its alternative, the threatened use of a deadly weapon, a situation not here presented).

171 F.3d 617, 620. This position has been echoed by decisions on the same issue in other circuits. See, e.g., United States v. Belless, 338 F.3d 1063 (9th Cir. 2003); White v. Dept. of Justice, 328 F.3d 1361 (Fed. Cir. 2003); United States v. Shelton, 325 F.3d 553 (5th Cir. 2003); United States v. Kavoukian, 315 F.3d 139 (2d Cir. 2002); United States v. Barnes, 295 F.3d 1354 (D.C. Cir. 2002); United States v. Chavez, 204 F.3d 1305 (11th Cir. 2000); United States v. Meade, 175 F.3d 215 (1st Cir. 1999).

   IT THEREFORE HEREBY IS RECOMMENDED to the Hon. Richard G. Kopf, United States Chief District Judge, pursuant to 28 U.S.C. §636(b)(1)(B) that the defendant's motion to dismiss, filing 16, be denied in all respects.

   The parties are notified that failure to object to this recommendation as provided in the local rules may result in a waiver of the right to appeal the district judge's adoption of findings in the recommendation.

   Dated January 5, 2006

                              BY THE COURT

                              s/ *David L. Piester*
                              United States Magistrate Judge