IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,  ) | |
| ) | Case No. 4:05CR3126 |
| Plaintiff,  ) | |
| ) | |
| vs  ) | **MEMORANDUM** |
| ) | **AND ORDER** |
| ERICK RAY TRIMBLE,  ) | |
| ) | |
| Defendant.  ) | |

Erick Ray Trimble (Trimble) has filed a motion in limine. It seeks to deny to the government the use of a prior conviction as a predicate offense to a federal firearms charge. The government represents that if I grant the motion it will be unable to prove the charge against the defendant since it has no other predicate offenses.

After careful consideration of the record following an evidentiary hearing, I grant the defendant's motion. My reasons for doing so are briefly set forth below.

## *I. BACKGROUND*

There are no facts in dispute. In the same vein, the procedural histories of this case and the underlying state case are not disputed either.

Trimble is charged in this court with possessing a semi-automatic pistol after being convicted of a "misdemeanor crime of domestic violence." (Filing 1.) This charge alleges a violation of 18 U.S.C. §§ 922(g)(9)[1] and 924(a)(2).

---

[1]The indictment contains a scrivener's error and mistakenly cites 18 U.S.C. § 922(g)(91). (Filing 1.)

A "misdemeanor crime of domestic violence" is a creation of federal law, but it is premised upon specific types of prior criminal violations. The statutory definition of a "misdemeanor crime of domestic violence" states the following:

> [T]he term "misdemeanor crime of domestic violence" means an offense that–
> (I)  is a misdemeanor under Federal or State law; and
> (ii) has, as an element, the use or attempted use of physical force, or the threatened use of a deadly weapon, committed by a current or former spouse, parent, or guardian of the victim, by a person with whom the victim shares a child in common, by a person who is cohabiting with or has cohabited with the victim as a spouse, parent, or guardian, or by a person similarly situated to a spouse, parent, or guardian of the victim.

18 U.S.C. § 921(a)(33)(A).

In the year 2000, and after a plea of guilty in state court, the defendant was found to have violated section 9.12.010 of the Municipal Code of the City of Lincoln, Nebraska. (Government's Ex. 1, third unnumbered page and fifth unnumbered page.) That code section is classified under "Offenses Against the Person." (Defendant's Ex. 1.) In particular, the city ordinance makes criminal the following conduct:

> 9.12.010   Assault and Battery; Menacing Threats.
>
> (a) It shall be unlawful for any person intentionally or knowingly to:
>     (1) Threaten another in a menacing manner; or
>     (2) Attempt to strike another person; or
>     (3) Place another person in fear or apprehension of imminent bodily harm.
> (b) It shall be unlawful for any person intentionally, knowingly, or recklessly to:

      (1)    Cause bodily injury to another person;
            or
      (2)    Strike another person.

(Defendant's Ex. 1.) The records of the underlying state case fail to show what conduct caused the defendant to be found guilty. (Government's Ex. 1.)

## *II. ANALYSIS*

In order to prove the defendant guilty of unlawfully possessing a weapon, the government must prove that the defendant was previously found guilty of a "misdemeanor crime of domestic violence." In part, and as required by the literal terms of 18 U.S.C. § 921(a)(33)(A), the government must prove that the prior crime involved the "use or attempted use of physical force" or, in the alternative, "the threatened use of a deadly weapon." Id. See, e.g., United States v. Smith, 171 F.3d 617, 620 (8th Cir. 1999) (applying 18 U.S.C. § 921(a)(33)(A); under an assault statute that included alternative sections criminalizing physical assaults and also threats, where the record showed that the defendant was charged with, and entered a guilty plea to, choking the victim and pushing her down, the requisite predicate offense was established).[2]

If the government can only prove that the defendant entered a plea of guilty to conduct that does not fall within section 922(a)(33)(A), then the prior offense cannot serve as a predicate offense for the federal prosecution. Id. For example, if the prior

---

[2]In order to avoid confusion, I stress that the issue of physical force or threatened use of deadly force is different from the corollary issue of whether the defendant and the victim were in a domestic relationship. While the government must prove at a federal trial that the predicate offense involved a victim who was in a domestic relationship with the defendant, the government need not prove that the predicate conviction actually addressed that question. In other words, the relationship may be proven separately from, and subsequent to, the underlying conviction. Id.

-3-

conviction involved only a threat, without a deadly weapon, then that conviction is insufficient to trigger the federal weapons ban.

In order to prove the foregoing element (use or attempted use of physical force or threatened use of a deadly weapon), the government can only rely upon the official court record. That is, the government can only rely upon the charging document, plea transcript, judgment and other similar documents. See, e.g., United States v. Brun, 2004 WL 234401 at * 2-3 (D. Minn. 2004)(when evaluating proof of "misdemeanor crime of domestic violence" under 18 U.S.C. § 921(a)(33)(A) resulting from a plea of guilty, court was limited to state court records including complaint, minutes, and transcript of plea taking proceeding). See also United States v. Shepard, 125 S. Ct. 1254, 1263 (2005) (for purposes of the Armed Career Criminal Act, predicate conviction involving plea of guilty must be proven by such things as charging documents, terms of plea agreement, or transcript of guilty plea proceedings, as opposed to police reports).

Turning then to the state court record, it is impossible to determine whether the defendant was found guilty of a crime that involved the use or attempted use of physical force or the threatened use of a deadly weapon. In contrast, one might as easily speculate that the defendant was convicted because he "[t]hreatened another in a menacing manner" in violation of code section 9.12.010(a)(1), or because he "recklessly" caused "bodily injury to another person" in violation of code section 9.12.010(b)(1). Neither of these situations necessarily involve the use or attempted use of physical force or the threatened use of a deadly weapon. The foregoing being true, the state court record in this case is legally insufficient to prove the predicate offense. See, e.g., United States v. Larson, 13 Fed. Appx. 439 (8th Cir. 2001) (applying 18 U.S.C. § 921(a)(33)(A) to a guilty plea and affirming the district court's decision that the state court record was legally insufficient); United States v. Brun, 2004 WL 234401 at *3 (D. Minn. 2004) (record involving guilty plea was insufficient under 18 U.S.C. § 921(a)(33)(A)). Therefore,

IT IS ORDERED that:

1. The defendant's motion in limine (filing 27) is granted as provided herein. The government may not use Government's Exhibit 1 or the conviction described by that exhibit to prove the predicate offense alleged in the indictment.

2. If the government desires to take an interlocutory appeal from this decision pursuant to 18 U.S.C. § 3731, it shall do so within the time provided by that statute.

3. Unless the government has taken an interlocutory appeal, it shall move to dismiss this case or show cause why it refuses to do so no later than April 3, 2006.

4. This case is removed from the trial calendar.

5. The time between today's date and April 3, 2006 is excluded in the interests of justice for computation purposes under the Speedy Trial Act. See 18 U.S.C. § 3161(h)(8)(A)&(B).

February 24, 2006.                          BY THE COURT:

                                            *s/Richard G. Kopf*
                                            United States District Judge